IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERICO OVIEDO VILLARMAN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 04-1288(JAF)
Criminal No. 99-077 (JAF)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On April 5, 2004, petitioner Federico Oviedo Villarman filed a motion and affidavit in support of his 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence after a jury trial on a Third Superseding Indictment for one count of a conspiracy to violate 21 U.S.C. §846 **(Civil No. 04-1288, Docket No. 1; Criminal No. 99-077, Docket No. 390).**

On March 17, 2005, the § 2255 petition was referred to this Magistrate Judge for report and recommendation. (**Civil No. 04-1288, Docket No. 6**). On April 26, 2005, the government filed its response to petitioner's motion and thereafter petitioner filed a reply (**Civil No. 04-1288, Docket Nos. 10, 11**).

**PROCEDURAL BACKGROUND**

Petitioner was indicted, together with a number of other co-defendants, in one count of a conspiracy to possess with intent to distribute approximately five (5) kilograms of cocaine; one (1) kilogram of heroin, and multi-pound quantities of marijuana, as prohibited by Title 21,

Federico Oviedo Villarman v. USA
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

United States Code 841(a)(1), in violation of 21 U.S.C. § 846.[1] He was thereafter convicted by a jury upon which the special interrogatory as to quantities of drug attributed in the conspiracy found that it involved more than one (1) kilo of heroin.

Petitioner is serving a sentence of imprisonment one hundred and fifty one (151) months, supervised release terms of five (5) years and a special monetary assessment of one hundred dollars ($100.00).

An appeal was filed and the conviction, as well as the sentence imposed, were affirmed. The direct appeal presented issues as to the wiretap application, the propriety of allowing the cooperating witness to testify despite delayed disclosure of impeachment material, and evidence supported special verdict finding that defendant was responsible for more than one kilogram of heroin. *See* United States v. Villarman Oviedo, 325 F.3d 1 (1st Cir. 2003).

## LEGAL ANALYSIS

**I.    Issues raised on direct appeal**.

The Court of Appeals for the First Circuit previously ruled that:

    a)  impeachment evidence not disclosed in advance related to the cooperating witness' testimony did not violate defendant's Brady-Giglio disclosure rights, the Jencks Act nor the Confrontation Clause of the U.S. Constitution (Petition ¶ B. 2, 5);

---

[1] 21 U.S.C. §846. Attempt and conspiracy
    Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

<u>Federico Oviedo Villarman v. USA</u>
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

    b)     the government established, by the supporting affidavit for wiretap application, the requisite necessity for wiretap order even when less intrusive investigative methods would be available (Petition ¶ C. 3);

    c)     the District Court properly allowed the government agent to testify regarding meaning of code terms in course of drug conspiracy, regardless of whether testimony was properly characterized as lay or expert testimony, and the government's discovery letter gave to petitioner ample notice of the specialized knowledge (Petition ¶ D. 4);

    d)     there was evidence to support, through agent's testimony, the special verdict finding drug conspiracy defendant responsible for more than one kilogram of heroin, in addition to there being no error by the Court in the denial of judgment of acquittal (Petition ¶6).

In the memorandum in support of his §2255 petition, petitioner makes reference to the evidentiary rulings by the Court as to Rule 404(b), Rule 29, and variance as to the conspiracy charged and the evidence presented. These items were likewise raised and considered on direct appeal.

Petitioner has raised anew the aforementioned claims in his §2255 petition. Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See* <u>United States v. Escobar de Jesus</u>, 187 F.3d 148, 159-162 (1st Cir. 1999). In a collateral attack, petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal,

Federico Oviedo Villarman v. USA
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).

Therefore, it is recommended that grounds B. 2, C. 3, and D. 4, 5 and 6 of the petition, which were already amply discussed on direct appeal and cross-referenced in petitioner's memorandum as issues I-VI, be summarily DISMISSED.

**II.   Ineffective Assistance of Counsel**.

A claim of ineffective assistance of counsel should first address whether petitioner complies with the requisites in Strickland v. Washington[2]. The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Under Strickland v. Washington, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.  In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be

---

[2]   Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

Federico Oviedo Villarman v. USA
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

outside the wide range of professional competent assistance and he has failed to do so in this petition.

  a)  <u>Failure to object to the government's evidence</u>.

  Petitioner submits in his §2255 petition, that former trial counsel failed to object to the government's evidence. However, said counsel withdrew prior to trial, on November 24, 1999, and even prior to the Grand Jury return on April 18, 2000, of the Third Superseding Indictment charging petitioner with the drug conspiracy (**Criminal No. 99-077, Dockets 224, 225**). Thus, at the time of trial, which was continued from its initial scheduling date of March 2000, and was finally held through October 18-27, 2000, petitioner was represented by another retained counsel. There was ample opportunity for his new counsel to object to all the evidence and the record shows numerous motions which were filed to that effect and ruled by the trial judge.

  As such, it is recommended that the claim of ineffective assistance of his former counsel, submitted as ground one (¶ A) be summarily DISMISSED for being contrary to the record of events in this case.

  b)  <u>Failure to object or request a mistrial</u>.

  Petitioner also submits his attorney failed to object or request a mistrial insofar as the testimony of cooperating witness presenting Rule 404(b) evidence of his prior criminal acts.[3] The Court of Appeals for the First Circuit also entertained on this issue, finding first trial counsel

---

[3] Notwithstanding, petitioner's response filed on May 23, 2005, asserts in contradiction to his initial claim of ineffective assistance for not objecting to Rule 404(b) evidence, that defense counsel objected strenuously to the introduction of this testimony (Docket No. 11).

had moved for a mistrial arguing the cooperating witness' testimony violated rule of evidence 404(b) but the Court denied same. The government's reply also asserts that on October 19, 2000, trial counsel filed and extensively argued a motion for mistrial and for violation of Fed. R. Evidence 404(b) (Trans. 10-19-2000, pp. 3-17). The trial Court ruled, and was affirmed on appeal, the evidence was not of other crimes, wrongs or acts but intrinsic to the crime charged in the indictment. Villarman Oviedo, 325 F. 3d at 11.

Accordingly, it is recommended that the claims of ineffective assistance for counsel's failure to take action on this issue be summarily DISMISSED.

### III.  Petitioner's Reply.

Petitioner's reply reiterates his prior averment there can be no conspiracy between one defendant and a government informer or law enforcement agent.

In making his argument, petitioner seems to forget there were numerous other co-defendants in this case who participated in the conspiracy. Petitioner lost sight of the other co-defendants charged in the Superseding Indictment, some had already plead guilty, in favor of his one to one conversations at times with a cooperating witness, submitted as part of the evidence during trial. Thus, the conspiracy was not limited to petitioner and the agent, but involved many other players.

Hence, this issue lacks merit in fact and in law and deserves no additional discussion.

Federico Oviedo Villarman v. USA
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

## IV. Cumulative Errors.

Finally, petitioner claims the above errors had a cumulative effect which prejudiced his right to a fair trial. As above discussed, petitioner has not been able to establish the Court erred. Accordingly, the § 2255 petition has no merit and there is no cumulative effect of errors which would amount to a due process violation.

In view of the above, this claim should also be DISMISSED as unsubstantiated.[4]

## CONCLUSION

In view of the foregoing, it is recommended that petitioner's §2255 motion for post-conviction relief be DENIED.[5]

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

---

[4] The cumulative effect of several errors may prejudice a defendant to the extent that his conviction must be overturned; where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation. Fuller v. Roe, 182 F.3d 699 (9th Cir. 1999).

[5] A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.
   Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).
   As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

Federico Oviedo Villarman v. USA
Civil No. 04-1288(JAF)
Criminal No. 99-077 (JAF)
Report and Recommendation

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 1st day of June 2005.

                                  s/ CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ-RIVE
                                    UNITED STATES MAGISTRATE JUDGE